IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**December 27, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**STEPHANIE M.,**
**Petitioner Below, Petitioner**

**vs.) No. 23-ICA-183**         (Fam. Ct. Raleigh Cnty. No. FC-41-2023-D-97)

**BRITTANY O. AND JOSHUA M.,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Stephanie M.[1] appeals the "Dismissal Order" entered by the Family Court of Raleigh County on April 12, 2023. Stephanie M. asserts that the family court erred when it dismissed her petition for grandparent visitation. Respondent Brittany O. filed a response in support of the family court's order.[2] Stephanie M. filed a reply. Respondent Joshua M. did not participate in the appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Joshua M. and Brittany O. are the parents of one child, G.H.M., and Stephanie M. is the child's paternal grandmother. On September 26, 2022, a custody action was filed between Joshua M. and Brittany O., in a separate family court case. On March 6, 2023, Stephanie M. filed a petition for grandparent visitation. On March 14, 2023, Brittany O. sought a domestic violence protective order ("DVPO") against Joshua M. The DVPO, custody, and grandparent visitation matters were consolidated and scheduled for hearing on April 3, 2023.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Stephanie M. is self-represented. Brittany O. is represented by Russell S. Cook, Esq.

On March 30, 2023, Brittany O. retained counsel to represent her in all matters, and on March 31, 2023, her counsel filed both a motion to dismiss and an answer to the petition for grandparent visitation. At the hearing on April 3, 2023, the family court determined that Stephanie M. lacked standing to petition for grandparent visitation pursuant to West Virginia Code § 48-10-701 (2021),[3] because her son, Joshua M., the child's father, was actively participating in his separate custody case. Her petition for grandparent visitation was dismissed by order on April 12, 2023. It is from that order that Stephanie M. now appeals.

For these matters, our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 475, 607 S.E.2d 803, 804 (2004).

*Amanda C. v. Christopher P.*, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

Stephanie M. raises four assignments of error on appeal, which we will address in turn, but not in order. As her first assignment of error, Stephanie M. asserts that the family court should have applied West Virginia Code § 48-10-501 (2006) instead of West Virginia Code § 48-10-701. We disagree. West Virginia Code § 48-10-501 states, "[t]he circuit court or family court shall grant reasonable visitation to a grandparent upon a finding that visitation would be in the best interests of the child and would not substantially interfere

---

[3] West Virginia Code § 48-10-701 states:

> If a motion for grandparent visitation is filed in a pending action for divorce, custody, legal separation, annulment or establishment of paternity pursuant to section 21-401, the grandparent shall be granted visitation if a preponderance of the evidence shows that visitation is in the best interest of the child and that: (1) The party to the divorce through which the grandparent is related to the minor child has failed to answer or otherwise appear and defend the cause of action; or (2) The whereabouts of the party through which the grandparent is related to the minor child are unknown to the party bringing the action and to the grandparent who filed the motion for visitation.

with the parent-child relationship." However, for the family court to conduct a best interest of the child analysis, the petitioning grandparent must have proper standing to pursue grandparent visitation. Here, because the record reflects that Jordan M. was actively participating in his custody case, the family court properly found that Stephanie M. lacked standing to petition for grandparent visitation pursuant to West Virginia Code § 48-10-701. *See Alyssha R. v. Nicholas H.*, 233 W. Va. 746, 760 S.E.2d 560 (2014) (holding that grandparents did not have standing to pursue visitation because the parent through which they are related to the minor children participated in his custody proceeding).

As her second assignment of error, Stephanie M. argues that the family court failed to address the improper service of Brittany O.'s answer and motion to dismiss. Specifically, Stephanie M. asserts that the answer should have been filed and served upon her within twenty days, as required by Rule 12(a)(1) of the West Virginia Rules of Civil Procedure, which states, "[a] defendant shall serve an answer within 20 days after the service of the summons …." Although a review of the record indicates that neither the answer nor the motion to dismiss was served within twenty days, we find that this issue is harmless error because the petition for grandparent visitation was appropriately dismissed by the family court.

As her third assignment of error, Stephanie M. asserts that the family court erred by consolidating her petition for grandparent visitation with Brittany O.'s and Jordan M.'s (collectively "respondents") separate DVPO and custody matters. We disagree. Pursuant to West Virginia Code §§ 48-10-401(a)-(b) (2009):

> (a) The provisions of this section apply to any pending actions for divorce, custody, legal separation, annulment or establishment of paternity.
> (b) After the commencement of the action, a grandparent seeking visitation with his or her grandchild may, by motion, apply to the family court for an order granting visitation. A grandparent moving for an order of visitation will not be afforded party status, but may be called as a witness by the court, and will be subject to cross-examination by the parties.

On this issue, we find that the family court did not err by consolidating Stephanie M.'s petition for grandparent visitation with the respondents' other matters to which she was not a party. Here, the record reflects that even though Stephanie M. lacked standing to petition for grandparent visitation, the family court permitted her to participate by vocalizing her opinions and recommendations concerning the minor child's care. Therefore, we find that in accordance with West Virginia Code § 48-10-401(b), Stephanie M. was not afforded party status, but she was still permitted to participate as a witness. As such, we find no error.

As her final assignment of error, Stephanie M. argues that the family court engaged in ex parte communication, in violation of the Code of Judicial Conduct, Canon 2, Rule 2.9(B).[4] Specifically, Stephanie M. contends that when she entered the courtroom, the family court judge was conversing with the parties and their counsel and later apologized because she thought Brittany O.'s counsel was Stephanie M.'s counsel. Stephanie M. contends that she was neither informed of the subject matter of their discussion nor given a chance to respond. However, this assignment of error has no merit since Stephanie M. not only lacked standing to petition for grandparent visitation, but she was not a party to the underlying custody matter or the DVPO, and therefore, was not entitled to participate in communication between the parties, counsel, and the family court.

Accordingly, we affirm the family court's April 12, 2023, order.

Affirmed.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[4] The West Virginia Code of Judicial Conduct, Canon 2, Rule 2.9(B) states, "If a judge inadvertently receives an unauthorized ex parte communication bearing upon the substance of the matter, the judge shall make provision promptly to notify the parties of the substance of the communication and provide the parties with an opportunity to respond."